Dear Ms. Dubroca:
You have asked us to determine whether an individual may hold membership with the State Louisiana Indigent Defender Board, and simultaneously serve as a member of a local district indigent defender board.
The Louisiana Indigent Defender Board was created by the Louisiana Supreme Court on July 1, 1994, under Court Rules Part I, Rule XXXI. Members of the Board are appointed by the chief justice of the Louisiana Supreme Court with the concurrence of a majority of the justices of the supreme court. See Court Rules Part I, Rule XXXI(A). Powers and duties allocated the Board are set forth in Rule XXXI, and the Board is authorized to do the following:
 C. Powers and Duties of the Board. The Board shall have the following initial powers and duties:
 (1) To employ and set the compensation and terms of employment of the chief executive officer; and to set guidelines and policies for the employment of other staff by the chief executive officer;
 (2) To set policies for the proper guidance and management of the Capital Litigation Program as provided for in Sections E and J below;
 (3) To set policies for the proper guidance and management of the Appellate Program as provided for in Sections F and J below;
 (4) To set policies for the proper guidance and management of the Expert Witness/Testing Fund as provided for in Section G below;
 (5) To set policies for the proper guidance and management of the District Assistance Fund as provided for in Section H below;
 (6) To set standards and guidelines, which take into consideration: The American Bar Association's Criminal Standards, its standards for Criminal Justice, and its guidelines for the appointment and performance of counsel in death penalty cases; the standards of the National Advisory Commission on Criminal Justice Standards; the standards of the National Legal Aid and Defender Association; and other national standards. Compliance with the Board's standards and guidelines by district indigent defender boards shall be required as a pre-condition for a district indigent defender board receiving funds from the Expert Witness/Testing fund and from the District Assistance Fund. The standards and guidelines shall address but not be limited to:
(a) indigent defender in capital cases;
(b) indigent defense in appellate matters;
 (c) the qualifications and compensation of staff attorneys, contract attorneys and appointed counsel involved in indigent defense;
 (d) uniform eligibility criteria for determining indigency and the eligibility of defendants to qualify for indigent defender representation at the district and state level;
 (e) the screening of defendants to determine eligibility and to verify the accuracy of the information provided by defendants;
 (f) cost recovery and recoupment to assure that those indigent defendants who have the current ability to contribute part of the cost of their legal defense be required to do so;
 (g) conflicts of interest, involving state and district board members, state and district chief indigent defenders, staff attorneys, contract attorneys, and appointed counsel;
 (h) caseload criteria and limitations for staff attorneys, contract attorneys and appointed counsel;
 (i) adequate availability of supervisory staff, clerical assistance, office space, legal materials, investigators and other resources;
 (j) the performance of the indigent defender system in terms of efficiency and effectiveness;
 (k) the quality of representation of staff attorneys, contract attorneys and appointed counsel;
 (l) the proper level of funding based on caseload limitations and criteria;
 (m) the qualifications and compensation of court-appointed counsel;
 (n) early notification, assignment and continuous representation of indigent defendants;
 (o) adequate and regular training of staff attorneys, contract attorneys and appointed counsel throughout the system;
 (p) mandatory continuing legal education requirements for all staff attorneys, contract attorneys and pro-bono counsel involved in indigent defense;
 (q) recordkeeping and the reporting of financial information, caseload statistics and other data by the Board and the district indigent defender boards;
 (r) the number, type and cost of expert witnesses and tests recommended in various circumstances and types of trials;
 (s) the maximum amount of expert witness fees and testing charges per type of case that may be funded under the Expert Witness/Testing Fund;
 (7) To monitor and enforce the supreme court standards relative to the effectiveness of indigent defense counsel, as provided in Section J below;
 (8) To draft and present a plan to the legislature before March, 1997 for the continuation of a statewide board upon the repeal of this rule by the supreme court as provided for in Section S;
 (9) To advise the governor, the legislature, and the judicial budgetary control board on sources and levels of funding;
 (10) To advise the governor, the legislature and the supreme court on ways to improve continuously the indigent defender system of the state;
 (11) To manage the funds provided by the legislature and other funding sources for the proper operation of the Board;
 (12) To develop and adopt a plan for encouraging more extensive and effective pro-bono indigent defense counsel as provided under Section I of this Rule;
 (13) To prepare and submit to the governor, the legislature and supreme court an annual report on the finances, caseload, and other activities of the Board and the district indigent defender boards; and
 (14) To perform such other duties as may be consistent with and necessary to the intent of this Rule. (Emphasis added).
In the emphasized portion quoted above, note that the local indigent defender boards are required to follow the standards and guidelines of the LDIB. For this reason, we are of the opinion that an individual may not serve simultaneously as member of the LDIB and member of the local board as such circumstance is a violation of LSA-R.S. 42:64(4), concerning dual officeholding and dual employment:
§ 64. Incompatible offices
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
* * * * *
 (4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
Any questions regarding the applicability of the Code of Governmental Ethics in this matter should be referred to the Louisiana Board of Ethics, 8401 United Plaza Blvd., Suite 200, Baton Rouge, Louisiana, 70809.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams